## McMullin *et al.* versus Beatty *et al.*

1. A deed was made to a trustee " in trust for and to the sole and separate use of Elizabeth, the wife of Thomas McCormick, during her natural life, and then to the lawful heirs of the said Elizabeth, their heirs and assigns for ever."   *Held,* that this gave the wife no power to dispose of her equitable estate by deed.

2. The trustee, before the conveyance to him, held money in trust for the wife, which he invested in the purchase of the land ; although he may have had no power so to invest it, it did not change or destroy the trust declared by the deed.

3. The first trustee was discharged, and conveyed the trust land to his successor " *in trust,*" &c. ; the husband and wife conveyed the land for its value to the second trustee absolutely in fee ; this deed was of no effect.

4. The second trustee having died, the land was sold by order of the Orphans' Court as his estate to McMullen.   After the wife's death, McMullen sold to Murphy ; Murphy sold to the husband ; after his death, the land was sold by order of the Orphans' Court as his estate to McMullen, who brought ejectment against the heirs of the wife.   *Held,* that he could not recover.

November 19th 1867.   Before THOMPSON, STRONG, READ and AGNEW, JJ.   WOODWARD, C. J., absent.

Error to the Court of Common Pleas of *Fayette county :* No. 72, to October and November Term 1867.

This was an ejectment, commenced May 9th 1866, in which

James E. McMullin and others were plaintiffs and Joseph Beatty, Anna Maria McCormick and others were defendants.

The plaintiffs were heirs of John McMullin, deceased; Beatty was the tenant of the other defendants, who were heirs of Elizabeth McCormick, deceased.

On the 17th of February 1843, Thomas H. McCormick and Elizabeth his wife executed a trust deed to Hugh Campbell, in which was recited that Campbell, as the guardian of Mrs. McCormick, had in his hands $1764.33, subject to charges for payments, &c., by him for her; and it was desired to secure that sum with its interest " to the sole and separate use and benefit of the said Elizabeth and her legal representatives."

By the deed " in consideration of the object above specified," and of $100, Mr. and Mrs. McCormick " sold, assigned, &c., to the said Hugh Campbell, the aforesaid sum of $1764.33, subject as above to the charges specified, with interest from June 7th 1842, in trust and upon special confidence nevertheless that he will hold the same, and the present, and every subsequent investment thereof, and the interest thereon accruing to and for the sole and separate use of the said Elizabeth and her legal representatives, without any control, benefit or possession of her said husband, or of any subsequent husband which she may have, the interest thereof to be paid to her, or for her use, or upon her order, annually upon the 1st day of April in each year, and the principal or any portion thereof to be paid over to her, or upon her order, or that of her legal representatives, for her sole and separate use, and that of her legal representatives, and for no other purpose whatever, at any time upon six months' notice of the time and amount for payment being given to the said trustee, and her separate receipt for any payment made shall be a sufficient release for said trustee."

On the 17th day of February 1844 Henry Yeagley, administrator, &c., of Isaac L. Hunt, deceased, conveyed to Hugh Campbell the land in dispute. The deed recited that under proceedings in the Orphans' Court the land " on the 31st of May 1843, was duly sold, at $10 per acre, by said administrator to Hugh Campbell, $570 of the purchase-money to be paid October 1st 1843, and the residue on the 1st of October, A. D. 1844, which sale was duly confirmed by the said court. And whereas, the said Hugh Campbell has duly paid the whole of the purchase-money, including that portion thereof which was to be paid October 1st 1844, as above, and has paid the same with moneys held by him as trustee for the sole and separate use of Elizabeth, the wife of Thomas H. McCormick, amounting in all to the sum of $688.99;" and conveyed to " Campbell, his heirs and assigns, in trust, as hereinafter declared, all that said parcel," &c.,  *  *  *  " to have and to hold the same as aforesaid, to the said Hugh Camp-

bell, M. D., his heirs and assigns, for ever, in trust for and to the sole and separate use of Elizabeth, the wife of Thomas McCormick, during her natural life, and then to the lawful heirs of the said Elizabeth, their heirs and assigns, for ever."

On the same day Mrs. McCormick executed this paper :—

"In accordance with the provisions of the deed of Thomas H. McCormick and Elizabeth his wife, to Hugh Campbell, M. D., dated the 17th February 1843, I hereby authorize and order the said Hugh Campbell, M. D., to invest in the purchase of the parcel of land on which I now reside, formerly owned by Isaac L. Hunt, deceased, containing 68 acres and 139 perches, so much of my money held by him under said deed, as will pay for said purchase at $10 per acre ; he to take a conveyance of said land, in trust, for my sole and separate use during my life, and then to my lawful heirs, their heirs and assigns, for ever ; and I do hereby ratify such investment of such sum of money, and for ever acquit the said Hugh Campbell, M. D., from all further accountability therefor.

"Witness my hand and seal this 17th day of February, A. D. 1844.

ELIZABETH McCORMICK, [SEAL.]"

On the 17th of March 1848 Dr. Campbell presented his petition to the Court of Common Pleas, setting forth the creation of the trust on the 17th of February 1843, and its terms, and also setting forth that "about $1000 of the said fund was drawn out of his hand at various times by the said *cestui que trust*, and at the request of the said Elizabeth McCormick and her husband, your petitioner purchased with the residue thereof from Henry Yeagley, administrator, &c., of Isaac L. Hunt, deceased, a tract of land * * * (which) was conveyed by deed, dated the 17th February 1844, to your petitioner, his heirs and assigns, for ever, in trust for and to the sole and separate use of the said Elizabeth, during her natural life, and then to the lawful heirs of the said Elizabeth, their heirs and assigns, for ever.

"The said *cestui que trust* and her husband having resided on the said land since the purchase, and managed the affairs thereof, none of the rents, issues and profits ever came to the hands of your petitioner," and he prayed to be discharged from the trust.

On the same day Mr. and Mrs. McCormick presented their petition to the same court, stating that "Campbell lately held in trust, for the sole and separate use of Elizabeth, one of your petitioners, a certain tract of land, situate and lying in Dunbar township, Fayette county, Pa., and had that day been discharged from his trust; and prayed that Noble McCormick might be appointed "a new trustee in place of Campbell."

Noble McCormick was thereupon appointed trustee.

[McMullin *v.* Beatty.]

Dr. Campbell, by deed dated March 27th 1848, reciting that the administrator had conveyed to him the land in question " for the sole and separate use of Elizabeth, the wife of Thomas Mc-Cormick, her husband, their heirs and assigns, for ever ;" reciting his own discharge and the appointment of Noble McCormick in " the room and stead of the said Hugh Campbell," conveyed the land to " Noble McCormick, his heirs and assigns, in trust, as hereinafter declared," * * * " to hold the same as aforesaid, unto the said Noble McCormick, his heirs and assigns, for ever, in trust for and to the sole and separate use of Elizabeth, the wife of Thomas H. McCormick, during her natural life, and then to the lawful heirs of the said Elizabeth, their heirs and assigns for ever."

On the 3d of April 1848, by deed, reciting the conveyance of the land by Hunt's administrator to Campbell in trust for Elizabeth McCormick, and specifying the terms of the trust, the discharge of Campbell, the appointment of Noble McCormick in his stead and the conveyance of the land by Campbell to " Noble McCormick, his successor as · aforesaid, in trust to the sole and separate use of the said Elizabeth, wife of the said Thomas H. McCormick, during her natural life, and then to the lawful heirs of the said Elizabeth, their heirs and assigns, for ever," Thomas H. McCormick and Elizabeth his wife, in consideration of $1377.37, conveyed the land to Noble McCormick absolutely, in fee with special warranty.

Noble McCormick died on the 29th of March 1850, and under proceedings in partition in the Orphans' Court, this land was sold by his administrators, on the 17th of May 1851, to John McMullin for $1390.28.

Elizabeth McCormick died February 21st 1855.

On the 7th of June 1856 McMullin sold the land to Thomas Murphy. Murphy brought an action of ejectment, on the 15th of August 1860, against Thomas H. McCormick for the land, and, on the 14th of September, recovered a verdict to be released upon the payment of $1713.06 by McCormick in one year ; a deed with general warranty to be filed by the plaintiff.

Murphy afterwards filed a deed to McCormick with general warranty, dated June 4th 1860.

Thomas H. McCormick died February 19th 1863 ; the land was sold, by order of the Orphans' Court, as his estate, to the same John McMullin and the sale was confirmed January 19th 1866.

McMullin afterwards brought this ejectment, and dying during its pendency, his heirs, the present plaintiffs, were substituted.

The plaintiffs submitted the following points :—

1. The deed of trust, dated February 17th 1844, having settled the fund to Elizabeth McCormick and her " legal representatives," no change could afterwards be made, so as to limit

the fund to her for life, and then to her heirs, without the consent of Thomas H. McCormick, her husband, testified in the same way as the original settlement; and under the power given to the trustee in the deed, he could not convert the money into land.

2. By the deed of Mrs. McCormick and her husband to Noble McCormick, dated April 3d 1848, she released and receipted for the trust fund, to the said Noble McCormick; that as there was a complete satisfaction of her claim, her heirs, the present defendants, are thereby estopped from setting up any title to the land.

3. Making no opposition by McCormick and wife to the discharge of Dr. Campbell as trustee, and asking for the appointment of Noble McCormick as trustee, is not such an affirmance of the investment previously made by the trustee as the law requires.

The court answered: " For the reasons given in the charge, we decline to charge as requested by the plaintiffs, in the points submitted by their counsel."

The court (H. W. Williams, A. J., of the District Court of Allegheny) charged:—

" The right of the plaintiff to recover the land in controversy depends upon the deed of Thos. H. McCormick and Elizabeth, his wife, to Noble McCormick, bearing date the 3d of April 1848. If under the deed of trust to Dr. Campbell, through which Mrs. McCormick derived title to the land, she and her husband had power to make the conveyance to Noble McCormick, and to vest in him a good title in fee simple to the land, then the plaintiff is entitled to recover; but if Mrs. McCormick and her husband had no power to make the deed, then the plaintiff is not entitled to recover.

" No power or authority is given to her by the deed of trust to sell and convey the land; and as it was conveyed to the trustee to and for her sole and separate use, it is clear that she could not sell and convey it during the lifetime of her husband, even if she could have done so after his death. The case of Wright v. Brown and Wife, 8 Wright 224, and the other authorities cited, are conclusive against the power of the wife to make the conveyance under which the plaintiff claims title. The court therefore instruct the jury that under all the evidence in the cause, the plaintiff is not entitled to recover; and that the verdict of the jury should be in favor of the defendants."

The verdict was for the defendants.

The plaintiffs took a writ of error, and assigned for error that the court erred in not affirming their points and in charging the jury:—

" 5. That the plaintiff derived title through the deed from Mc-

[McMullin *v.* Beatty.]

Cormick and wife to Noble McCormick, and that his right to recover depended upon their power to make that conveyance.

6. That McCormick and wife had no power to make the conveyance to Noble McCormick.

7. That ' under all the evidence in the case, the plaintiff is not entitled to recover, and that the verdict of the jury should be in favor of the defendants.' "

*Kaine, Willson* and *Boyle*, for plaintiffs in error, referred to Lancaster *v.* Dolan, 1 Rawle 231 ; Wright *v.* Brown, 8 Wright 224 ; Hill on Trustees 423 and cases cited ; Ralston *v.* Waln, 8 Wright 279 ; Kaufman *v.* Crawford, 9 W. & S. 134 ; Act of February 24th 1770, § 2, 1 Sm. L. 307, Purd. 311, pl. 12 ; Kirk *v.* Dean, 2 Binn. 341 ; Trimmer *v.* Heagy, 4 Harris 484 ; Ulp *v.* Campbell, 7 Id. 361 ; Reinhard *v.* Keenbartz, 6 Watts 95.

*Campbell* and *Howell*, for defendants in error, referred to Act of 1770, *supra ;* 2 Washburne on Real Property 578 ; Newlin *v.* Newlin, 1 S. & R. 275 ; Sugden on Powers 119.

The opinion of the court was delivered, January 7th 1868, by

STRONG, J.—For all the purposes of this case it is useless to inquire whether Dr. Campbell had any right to apply the money which he held for the sole and separate use of Mrs. McCormick to the purchase of the land in controversy. He made the purchase, and on the 17th day of April 1844 took a deed for it to himself in trust for her sole and separate use during her natural life, and then for her lawful heirs, their heirs and assigns. This deed is the foundation of the plaintiffs' title, if any they have. They claim under it. Dr. Campbell having been discharged from his trust on the 27th day of March 1848, by direction of the court, conveyed the land to his successor, Noble McCormick, to hold on the same trusts as those with which he had held it before, his conveyance ; and on the 3d of April 1848, the *cestui que trust*, Mrs. McCormick and her husband, Thomas H. McCormick, made a deed for it to Noble McCormick, his heirs and assigns. Noble McCormick then died, and in proceedings in partition of his estate, a sale of the land was made to John McMullin, who conveyed to Thomas M. Murphy, by whom it was again conveyed to Thomas H. McCormick. Subsequently the last-named grantee died, and the land was sold by order of the Orphans' Court for the payment of his debts, and bought once more by McMullin, as whose heirs the plaintiffs claim. To the existence of any right in them, therefore, the deed of April 17th 1844 to Dr. Campbell and his deed to Noble McCormick of 27th day of March 1848, are indispensable. But those deeds created and continued a trust for the sole and separate use of Mrs. McCormick, wife of Thomas

[McMullin v. Beatty.]

H. McCormick, during her natural life, with remainder to her heirs and their heirs. They gave to her no power to dispose of her equitable estate by deed. What matters it in this controversy by whom the consideration for the deed to Dr. Campbell was paid? Let it be that he had no power to apply in payment the money which he had under another and prior trust. Let it be that he could not convert Mrs. McCormick's interest under the first trust into land, and could not, even on her order, settle any part of it to different uses from those which were at first declared. What then? Nothing more than that the purchase which he made of the land was made with his own money. That does not change or destroy the trust declared by the deed, though it would leave the original trust of the personalty intact. Mrs. McCormick then acquired an equitable estate held for her separate use during life, with remainder as stated, and without any power of alienation. And when the trustee afterwards conveyed the land to Noble Mc-Cormick, clothed with the same trust, her estate and her inability remained the same. Her deed to Noble McCormick, made on the 3d day of April 1848, was therefore without effect, under the rule laid down in Lancaster v. Dolan, 1 Rawle 231, and Wright v. Brown, 8 Wright 224. It follows that the plaintiffs have no title, and the jury was correctly instructed to return a verdict for the defendant.

In nothing we have said do we intend to cast any doubt upon the right of Dr. Campbell to apply a part of the money which was in his hands subject to the first trust, to the payment for the land conveyed to him in trust for the separate use of Mrs. McCormick, on receiving her order to that effect. The case calls for no expression of opinion on that subject.

Judgment affirmed.